## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NADA ABBAS,<br><br>    Plaintiff,<br><br>v.<br><br>MUSCLE MARKETING USA, INC. a Delaware corporation; and DOES 1-39, inclusive,<br><br>    Defendants. | **Case No.: 3:24-cv-00206-MMD-CSD**<br>Assigned to District Judge:<br>Hon. Miranda M. Du<br>Assigned to Magistrate Judge:<br>Hon. Craig S. Denney<br>Complaint Filed: May 8. 2024 |

## ORDER ENTERING DEFAULT JUDGMENT

This matter came before the Court on June 9, 2025, before the Honorable Miranda M. Du on Plaintiff's Motion for Default Judgment [ECF No. 39] against Defendant Muscle Marketing USA, INC., (Muscle Marketing) pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. The Plaintiff, Nada Abbas, appeared via videoconference and was represented by her attorneys Howard L. Jacobs and Leah M. Bernhard of LAW OFFICES OF HOWARD L. JACOBS, and Attorney R. Dan Fleck of THE SPENCE LAW FIRM, LLC. Defendant Muscle Marketing did not appear at the hearing.

This Court, having reviewed the default pleadings in this matter, having found the Defendant Muscle Marketing to have been duly served, having granted Plaintiff's Motion for Default Judgment [ECF No. 39], and hearing evidence of Plaintiff's damages on June 9, 2025, and the Court having considered the evidence finds and concludes that judgment by default is hereby entered against Muscle Marketing in the total amount of $1,225,897.50 as follows:

1. The Plaintiff Nada Abbas, a professional squash player, was injured on or about July 25, 2022, when she was suspended as a result of an in-competition urine sample she gave on May 28, 2022, that tested positive for Methylhexanamine, a substance that is prohibited in-competition pursuant to the WADA's Prohibited List.  Subsequent testing confirmed that the "ATP-Creatinol Serum," manufactured and produced by defendant Muscle Marketing, that plaintiff Abbas ingested contained Methylhexanamine, which was not disclosed on the product's label.

2. Defendant Muscle Marketing was originally represented by counsel who withdrew from the case on December 20, 2024. The Court set a deadline of January 21, 2025, for defendant to file a substitution of counsel, but defendant failed to do so.

3. On January 27, 2025, Magistrate Judge Craig S. Denney provided a Report and Recommendation to this Court recommending that defendant's answer be stricken and a default be entered against Defendant as a result of its failure to "otherwise defend" this action. [ECF No. 34.]

4. On March 31, 2025, this Court accepted and adopted in full Judge Denny's Report and recommendation, and ordered that default be issued against Defendant for its failure to "otherwise defend" this action under Rule 55(a). [ECF No. 37.]

5. On April 30, 2025, Plaintiff filed a Notice of Motion and Motion for Default Judgment [ECF No. 39] outlining the legal authority supporting her Motion for Default Judgment against the Defendant and the economic damages suffered as a result of Defendant Muscle Marketing's negligence in the amount of $147,600.00 and non-economic damages in the amount of $1,000,000.00.

6. A hearing was held on June 9, 2025, during which the Court heard evidence of non-economic damages suffered by the Plaintiff through her live testimony via videoconference. [ECF No. 44].

7. After hearing the Plaintiff's testimony and finding the Plaintiff credible, Judge Du found that the Plaintiff had proved that the non-economic harm suffered as a result of using Defendant Muscle Marketing's product was significant. Specifically, Judge Du found that the Plaintiff suffered emotional harm as a result of being suspended from playing squash for over six months, that she was stigmatized by her community, that she dropped in the rankings, and that she still suffers from anxiety today.

8. Accordingly, Judge Du found that the Plaintiff had proved that her non-economic damages in the amount of $1,000,000.00 based on the emotional distress, pain and suffering, and the permanent damages to her reputation from testing positive for a banned substance after taking Defendant Muscle Marketing's product. [ECF No. 44].

9. Plaintiff also incurred attorney fees and costs in the amount of $49,949.50 as supported by the Declaration of Howard L. Jacobs and the Declaration of R. Daniel Fleck filed concurrently with this Order.

10. Based upon the evidence presented to this Court, the Court finds the Plaintiff suffered the following damages proximately caused by the Defendant:

   a. Economic damages totaling $147,600.00;

   b. Non-Economic damages totaling $1,000,000.00;

   c. Attorney's Fees and Costs totaling $78,297.50.

Accordingly,

**IT IS HEREBY ORDERED** that judgment is entered against defendant Muscle Marketing, USA, Inc., in the total amount of $1,225,897.50.

**IT IS FURTHER ORDERED** that the John Doe defendants are dismissed without prejudice.

Dated: June 23, 2025

                                              Hon. Miranda M. Du
                                              United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June 2025, I electronically filed the **Proposed Order for Default Judgment, Declaration of Howard L. Jacobs In Support of Attorney's Fees with exhibits, and Declaration of R. Dan Fleck In Support of Attorney's Fees with exhibit,** which is available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

I further certify that on this 20th day of June 2025, I served copies of the **Proposed Order for Default Judgment, Declaration of Howard L. Jacobs In Support of Attorney's Fees with exhibits, and Declaration of R. Dan Fleck In Support of Attorney's Fees with exhibit,** via e-mail transmission to Defendant Muscle Marketing USA, Inc., at the following e-mail address: drzeibak@mmusa.com.

/s/ Howard L. Jacobs
Howard L. Jacobs
Attorneys for Plaintiff NADA ABBAS
31111 Agoura Rd., Suite 225
Westlake Village, CA 91361
(805) 418-9892